BARNET BURSTEIN, APPELLANT, v. NICHOLAS PALERMO, MAURICE B. SUSSMAN AND DOMINICK NIGRE, RESPONDENTS.

Submitted October 31, 1927—Decided February 6, 1928.

For the appellant, *Corn & Silverman*.

For the respondent Maurice B. Sussman, *Aaron Heller* and *Joseph A. Feder*.

For the respondents Nicholas Palermo and Dominick Nigre, *Donald Lefferts*.

The opinion of the court was delivered by

McGLENNON, J. The plaintiff here is appealing from a judgment of nonsuit granted in the Supreme Court, at the Essex Circuit. The complaint alleges that the three defendants entered into an agreement with the plaintiff for the manufacture, by plaintiff, of five jitney bus bodies for the defendants, and said defendants agreed to pay ten thousand five hundred ($10,500) dollars for the same; that plaintiff had manufactured the jitney bus bodies in accordance with the agreement, and had requested defendants to accept delivery of them, and pay for them in accordance with their agreement, and that defendants had refused to accept delivery and pay therefor on demand.

Plaintiff's proofs show that these defendants came to him on or about May 22d, 1925, and informed him that they represented a corporation, that they were in the process of organizing, to engage in the bus business, under the name of the North Bergen Transit Company, Incorporated, and desired to order these bus bodies to be placed on chasses, which would be furnished to him. That after the terms had been arranged, plaintiff's bookkeeper then prepared a written contract in the name of the North Bergen Transit Company, Incorporated, with its business address at Lodi, New Jersey, and telephone number inserted, and caused the order or contract to be signed in the corporate name, under which is the signature of its president. That afterwards, plaintiff manufactured these jitney bus bodies to a point ready for attaching to the chasses, after which they were to be upholstered, painted, &c. That only one chassis had been delivered, and that he had then put on its body, but had later removed

this at the demand of the chassis dealer. That later, plaintiff learned the corporation had lost its funds, and that he never received the other chasses, and, hence, had not done the other work of completion.

Plaintiff himself produced and put in evidence the original agreement or contract, the certificate of incorporation signed by the defendants, and filed in the Bergen county clerk's office prior to the date of this contract, and the certificate of the secretary of state showing "that so far as the records of this office show, the 'North Bergen Transit Company, Incorporated,' has never been incorporated under the laws of this state."

Plaintiff also was asked and allowed to answer questions by the court and counsel, as to whether he intended to hold the defendants individually or whom he considered liable. In answer to these queries, he gave various replies, at one time saying he thought the corporation sufficient, and later that he intended to hold the individuals.

In this state of the proofs, plaintiff rested and defendant moved for a nonsuit upon the main ground that the uncontradicted facts showed a contract between plaintiff and the North Bergen Transit Company, Incorporated, a corporation *de facto,* and not with the defendants, and the court granted this motion.

Plaintiff thereupon appealed, and states six grounds of appeal, but the last three are abandoned, and the first three are reduced to a single point, namely, that the trial court erred in granting a nonsuit, for the reason that the proofs established that plaintiff's contract was with a *de facto* corporation.

Appellant's argument that this action of the trial court was error is based on the contention that the evidence made a *prima facie* case of individual liability, in that there was no evidence of a *de facto* corporation existing as a legally responsible principal, sufficient to have estopped plaintiff from holding defendants personally liable.

We think this contention is not supported by the proofs in the case. It will be noted that there is no evidence showing

any discussion or conduct between the parties respecting any intent or purpose that defendants should become or be held liable as individuals. It appears, on the contrary, that there was a full and frank statement of the exact situation and purpose of the defendants to be organized and to be dealt with as a corporation. There was no refusal on part of plaintiff to deal with them as such, nor any demand or insistence that they should become personally responsible, nor any intimation of an intent by the plaintiff to hold them individually liable.

They could only be held personally, therefore, in case there was no colorable organization of a *de facto* corporation or legally responsible principal to whom resort might be had wherein the law might presume personal liability.

The determination of this case, therefore, depends upon proof of the existence of a *de facto* corporation. In the leading case of *Vanneman* v. *Young, 52 N. J. L.* 403, a case essentially similar to the one before us, Mr. Justice Dixon, speaking for this court, said:

"Where the law authorizes a corporation, and there is an effort in good faith to organize a corporation under the law, and thereupon, as a result of such effort, corporate functions are assumed and exercised, the organization becomes a corporation *de facto,* and, as a general rule, the legal existence of such a corporation cannot be inquired into collaterally, although some of the legal formalities may not have been complied with."

We find proof in this case of all the elements, above specified, to show the legal existence of a *de facto* corporation, under the name of the North Bergen Transit Company, Incorporated. There is no doubt our statute authorizes such a corporation, which even appellant himself concedes, and there is no evidence of bad faith in the effort shown to organize such corporation, and thirdly, there was evidence of assumption and `exercise of corporate functions, in establishing the place of business, raising of funds, and making agreement as a corporation. The subsequent frustration of the success of these efforts, through loss of assets, and the

failure to observe all the legal formalities to complete organization, in the absence of bad faith, cannot impose personal liability upon defendants.

There is no error, therefore, in the action of the trial court, and the judgment should be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.